US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

FEB 09 2018

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**LENTONIO MARCELL JENNER**                                                             **PLAINTIFF**

v.                         Civil No. 5:17-cv-05254

**CHLOE FACKLER, Prosecuting Attorney
in Washington County, Arkansas;
MATT DURRETT, Prosecuting Attorney
for Washington County, Arkansas; and
JUDGE CASEY JONES, Washington County Courts**                     **DEFENDANTS**

## OPINION AND ORDER

Plaintiff, Lentonio M. Jenner, filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis* ("IFP"). The case is before the Court for pre-service screening pursuant to the Prison Litigation Reform Act ("PLRA"). The PLRA modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state claims upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

Plaintiff is incarcerated in the Washington County Detention Center. He filed this action against the prosecuting attorney, Chloe Fackler, who was present at his bond hearing; the supervising prosecuting attorney, Matt Durrett; and the presiding judge, Judge Casey Jones.

According to the allegations of the Complaint (Doc. 1), at Plaintiff's bond hearing,

Prosecutor Fackler requested that Plaintiff be held without bond. Judge Jones agreed and ruled that Plaintiff should be held without bond. Plaintiff now maintains that he is entitled to be released on bond because he is not charged with a capital crime.

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court bears in mind, however, that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Plaintiff has asserted no plausible claims. First, the prosecuting attorneys, Chloe Fackler and Matt Durrett, are immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, at 430; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996).

To the extent Plaintiff is requesting injunctive relief, prosecutors are not immune

from claims for equitable relief. *Supreme Court v. Consumers Union*, 446 U.S. 719, 736-38 (1980). However, "[t]he federal courts should not interfere in state criminal court proceedings [by granting equitable relief] when state and federal law provide adequate legal remedies and when intervention needlessly threatens the principle of comity." *Smith v. Bacon*, 699 F. 2d 434, 437 (8th Cir. 1983) (per curiam) (citation omitted). Generally, adequate legal remedies exist through the use of state procedural safeguards and state and federal habeas corpus proceedings. *Rogers v. Bruntrager*, 841 F. 2d 853, 856 (8th Cir. 1988). Under Arkansas law, a defendant may appeal a denial of bail by filing a writ of certiorari. *See, e.g., Larimore v. State*, 3 S.W.3d 680, 682 (Ark. 1999). This provides the Plaintiff with an adequate legal remedy.

Judge Casey Jones is also immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages"). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and, (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the Complaint that neither situation applies here.

Section 1983 precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was

violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Plaintiff does not allege that either of these prerequisites for injunctive relief are met. Thus, to the extent Plaintiff seeks injunctive relief, his claims are subject to dismissal.

### III. CONCLUSION

For the reasons stated, the claims asserted are subject to dismissal because they are frivolous, fail to state claims upon which relief may be granted, or are against Defendants immune from suit. Therefore, this case is **DISMISSED WITH PREJUDICE.** *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

**IT IS SO ORDERED** on this 9th day of February, 2018.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE